**Tagged Opinion**



## ORDERED in the Southern District of Florida on April 24, 2007.

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| In re: | ) | CASE NO.   06-15417-BKC-RAM |
| | ) | CHAPTER   7 |
| MYRON ORLINSKY, | ) | |
| | ) | |
|            Debtor. | ) | |
| | ) | |

**ORDER (1) DENYING CROSS**
**MOTIONS FOR SUMMARY JUDGMENT ON**
**NUMEROSITY ISSUE; (2) SETTING PREHEARING**
**CONFERENCE ON CREDIT CARD DEBT HOLDER ISSUE;**
**AND (3) RESETTING PRETRIAL CONFERENCE ON REMAINING ISSUES**

The Court conducted a hearing on April 11, 2007, on the Alleged Debtor's Motion for Summary Judgment on the Numerosity Issue and Request for Judicial Notice ("Debtor's Summary Judgment Motion") (CP# 69) and Petitioning Creditor's Cross Motion for Summary Judgment on Alleged Debtor's Second and Third Affirmative Defenses ("Creditor's Summary Judgment Motion") (CP# 89).  The sole issue presented is whether the Alleged Debtor ("Debtor") has

twelve (12) or more eligible creditors under §303(b)(2).  If so, the involuntary petition filed by only one creditor would have to be dismissed since three (3) petitioning creditors would be required.

The Court has reviewed the two motions, the several papers filed by each party in connection with the motions, considered the arguments of counsel at the April 11th hearing, and reviewed applicable law.

The Court concludes that both Debtor's Summary Judgment Motion and Creditor's Summary Judgment Motion must be denied. However, for the reasons set forth below, the Court finds it appropriate to bifurcate and separately try any disputed issues regarding the number of separate creditors holding the credit card debts listed in the Debtors's List of Creditors.

Determining the number of credit card creditors is appropriate, at this stage, because the Debtor will have, at most, eleven (11) eligible creditors under §303(b)(2) if the Creditor's list of credit card creditors is accurate.  The Court arrives at this number based on the Debtor's concession that two of its 23 listed creditors are ineligible and the Court's legal conclusion that three (3) other creditors are ineligible because the amount of their claims are the subject of a bona fide dispute.  A more detailed presentation of these legal and factual conclusions follows.

Turning first to the legal issue, the Court finds that the

2

three professional firms whose fee claims are partially disputed
are creditors whose claims are "the subject of a bona fide
dispute as to liability or amount," as that term is used in
§303(b)(1).   Therefore, these creditors, Adorno & Yoss (#1),
Fowler White (#11) and Ruden McClosky (#19) are <u>not</u> creditors who
may be counted under §303(b)(2) in determining whether the Debtor
has more than 12 creditors.   <u>In re Euro-American Lodging</u>
<u>Corporation</u>, 357 B.R. 700, 712 (Bankr. S.D.N.Y. 2007) (As a
result of the 2005 amendment to §303(b), any dispute regarding
the amount of a claim renders the claim subject to bona fide
dispute); <u>In re Dilley</u>, 331 B.R. 1, 6 (Bankr. D.Me. 2005)
(Congress added the phrase "as to liability and amount" to
§303(b) to clarify that a bona fide dispute may be, as the
statute now reads, "as to liability or amount").   <u>Contra</u>, <u>In re</u>
<u>DemirCo Holdings, Inc.</u>, 2006 WL 1663237 (Bankr. C.D.Ill. 2006).

Turning to the eligibility of other creditors on Debtor's
list, the Debtor concedes that the claims of Peter Patraka (#16)
and State Farm Bank (#23) may not be counted under §303(b)(2),
because State Farm is oversecured and Patraka is an insider.[1]
Eliminating these two (2) creditors, plus the three creditors
whose claims are the subject of a bona fide dispute, reduces
Debtor's list from 23 potentially eligible creditors under
§303(b)(2) to 18 potentially eligible creditors.

---

[1]      Patraka is the sole petitioning creditor.  His insider
         status does not disqualify him under §303(b)(1), but
         does disqualify him under §303(b)(2).

Creditor's Summary Judgment Motion and the supporting Declarations and Affidavits reduce the list from 18 down to 11 if the Debtor is unable to controvert the facts set forth in the Declarations and Affidavits. Based on the Creditor's allegations, the following 12 separately listed credit card debts are held by only five (5) separate creditors, as follows:

| Creditor's Alleged Holder of Claims | Debtor's Named Creditor and Claim Number |
|---|---|
| 1. American Express | American Express (#2) American Express (#3) |
| 2. Chase | Amoco-BP (#4) Chase (#9) |
| 3. FIA Card Services, Inc. (Bank of America) | Bank of America (#5) Bank of America (#6) MBNA (#14) SunTrust Bank (#24) |
| 4. Citibank | Diners Club (#10) Shell Oil (#21) |
| 5. HSBC | Neiman Marcus (#15) Saks Fifth Avenue (#20) |

Based upon the foregoing, even assuming the contested Schwartz claim (#7) and the possibly still contested Kozyak Tropin claim (#13) are eligible (along with #s 8, 18 and 22 which the Creditor concedes are eligible), this leaves the Debtor with only 11 eligible creditors. Therefore, it makes sense to defer potentially substantial discovery and lengthy hearings to determine whether any of the remaining creditors received avoidable transfers which would disqualify them under §303(b)(2). Instead, the parties and court should focus first just on the

4

number of holders of the credit card debt.

Therefore, it is -

**ORDERED** as follows:

1.    Debtor's Summary Judgment Motion and Creditor's Summary Judgment Motion are denied.  There remain genuine issues of fact which must be resolved before the court can determine as a matter of law whether or not there are 12 or more creditors eligible under §303(b)(2).

2.    The Court will separately try the issue of how many separate creditors hold the credit card debts in the chart contained in this Order (the "Credit Card Debt Holder Issue"). A Prehearing Conference on the Credit Card Debt Holder issue will be conducted on May 14, 2007, at 10:30 a.m., at the U.S. Bankruptcy Court, 51 S.W. First Avenue, Courtroom 1406, Miami, Florida 33l30.

3.    No later than May 9, 2007, the Debtor will file a written response to Creditor's allegation that only 5 creditors hold the 12 debts in the chart.  The response shall set forth any factual or legal basis for contesting the Creditor's allegations.

4.    The Court will schedule an evidentiary hearing on the Credit Card Debt Holder Issue, if necessary, at the Prehearing Conference. (If it appears from the Debtor's response that Debtor may prove that more than 5 creditors hold the 12 claims listed on the chart in this Order, the Court may expand the evidentiary hearing to include Creditor's challenge to the Kozyak Tropin and

5

Schwartz claims).

5.   The  Pretrial  Conference  on  the  remaining  issues presently scheduled for May 9, 2007, is continued to June 28, 2007, at 10:30 a.m.

###

COPIES TO:

Arthur H. Rice, Esq.
John H. Genovese, Esq.
Jerry Markowitz, Esq.